## WILLIAMS v. HOLMES et al.
### No. 2645.

Court of Civil Appeals of Texas. Beaumont.
Sept. 27, 1934.

T. H. Burruss, of Corpus Christi, for appellant.

John A. Mobley, of Corpus Christi, for appellees.

O'QUINN, Justice.

Appellant, plaintiff below, brought this suit in the 117th district court of Nueces county, Tex., against appellees to restrain the sale of certain real estate situated in Nueces county, under power of sale given in a deed of trust. Relief was sought under the State Moratorium Act, chapter 16, page 42, Acts of Second Called Session of the Forty-Third Legislature (Vernon's Ann. Civ. St. art. 2218b note), effective March 1, 1934.

Appellees resisted the injunction on the ground that the act in question was unconstitutional and void.

The court below held the act unconstitutional, and hence denied the relief sought. This appeal is from that order.

The allegations of plaintiff's petition were in consonance with the provisions of the act and sufficient to entitle him to the benefits of the same if it is a valid law. Its constitutionality is the only question before us.

The present act is in substance and effect the same as that known as House Bill No. 231, enacted by the 43d Legislature (Laws 1933, c. 102), and designated in Vernon's Ann. Civ. St. as article 2218b, and which expired by its own terms on May 1, 1934. In the case of

Beaumont Petroleum Syndicate v. Broussard, 64 S.W.(2d) 993, we held that act constitutional. We adhere to that holding, and on the reasoning there stated and the authorities cited hold the act under discussion to be constitutional. Our holding is in line with that of the Supreme Court of the United States in Home Building & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481, recently handed down in what is known as the Minnesota case.

The judgment is reversed, and the cause remanded.